**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JUN 18 2021**

**JEFFREY P. COLWELL**
**CLERK**

Civil Action No. _____

(To be supplied by the court)

_DELMART VREELAND_____, Plaintiff

v.

_PER INSTRUCTIONS "SEE ATTACHED"_____ ,

_____ ,

_____ ,

_____ , Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

**PRISONER COMPLAINT**

---

| **NOTICE** |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. <br><br> **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

CIVIL ACTION No. _____

DELMART VREELAND,          PLAINTIFF,

V.

JARED POLIS,
PHILIP WEISER,
DEAN WILLIAMS,
SCOTT DAUFFENBACH,
ADRIENNE JACOBSON-SANCHEZ,
CDOC ASSISTANT DIRECTOR OF OFFENDER SERVICES,
CDOC CENTRAL CLASSIFICATION SUPERVISOR,
CDOC DIRECTOR OF PRISONS,
LAW FIRM OF DIETZE AND DAVIS,
WILLIAM ROGERS, III,
                         DEFENDANTS.

2

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

DELMART VREELAND, #'33583 - WMCI
(Name, prisoner identification number, and complete mailing address)

7076 Rd- 55-F, TORRINGTON, WY - 82240
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____   Pretrial detainee
____   Civilly committed detainee
____   Immigration detainee
__X__  Convicted and sentenced state prisoner
____   Convicted and sentenced federal prisoner
____   Other: *(Please explain)* _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   JARED POLIS, COLORADO GOVERNOR
(Name, job title, and complete mailing address)

230 E. COLFAX AVE./STATE CAPITOL, DENVER, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No *(check one)*.  Briefly explain:

ACTING AS GOVERNOR when he APPROVED out of STATE
TRANSFER DUE to plaintiff law Suits.

Defendant 1 is being sued in his/her _X_ individual and/or _X_ official capacity.

3

Defendant 2:  PHILIP WEISER, Colorado Attorney General

(Name, job title, and complete mailing address)

1300 Broadway, Denver, Colorado 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✗ Yes ___ No (*check one*). Briefly explain:

Acting As Head of State Agency when he Approved Out of State Transfer Due to Law Suits

Defendant 2 is being sued in his/her ✗ individual and/or ✗ official capacity.

Defendant 3:  DEAN WILLIAMS, Executive Director CDOC

(Name, job title, and complete mailing address)

1250 Academy Park Loop, Colorado Springs, Co 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✗ Yes ___ No (*check one*). Briefly explain:

Acting As Head of State Agency When he Set up And Approved out of State transfer, due to Law Suits

Defendant 3 is being sued in his/her ✗ individual and/or ✗ official capacity.

"SEE ATTACHED"

## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✗   42 U.S.C. § 1983 (state, county, and municipal defendants)

___   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics.* 403 U.S. 388 (1971) (federal defendants)

✗   Other: (*please identify*) COLORADO REVISED STATUTES TITLE 13, AND STATE Constitution

B. DEFENDANTS INFORMATION

DEFENDANT 4: SCOTT DAUFFENBACH, Director of CDOC offender Services
1250 ACADEMY PARK Loop
Colorado Springs, Colorado 80910

YES, WAS ACTING UNDER Color of State law
AS Director of Prison DEPARTMENT when he Scheduled
out of STATE transfer due to Law Suits.

IS Sued IN INDIVIDUAL CAPACITY

DEFENDANT 5: ADRIENNE JACOBSON/SANCHEZ, CDOC Employee
1250 ACADEMY PARK Loop
Colorado Springs, Colorado 80910

YES, WAS ACTING UNDER Color of State law
when She Scheduled out of State TRANSFER
Due To law Suits.

IS Sued IN HER INDIVIDUAL CAPACITY.

5

B. DEFENDANTS INFORMATION

DEFENDANT 6:   CDOC ASSISTANT DIRECTOR OF OFFENDER SERVICES
1250 ACADEMY PARK LOOP
COLORADO SPRINGS, COLORADO  80910

YES, WAS ACTING UNDER Color of State Law
When DEFENDANT, ACTING AS RESPONSIBLE
CDOC OFFICIAL, APPROVED VIA CDOC AR
(600-01) Form "F" Out of State TRANSFER
Due to Plaintiff Law Suits AGAINST
His/Her Friends

IS SUED IN INDIVIDUAL CAPACITY.

DEFENDANT 7:   CDOC CENTRAL CLASSIFICATION SUPERVISOR.
1250 ACADEMY PARK LOOP
COLORADO SPRINGS. COLORADO  80910

YES, WAS ACTING UNDER Color of State Law
When DEFENDANT APPROVED out of
STATE TRANSFER VIA CDOC AR 600-01 FORM "F"
DUE TO LAW Suits.

IS SUED IN INDIVIDUAL CAPACITY

## B. DEFENDANTS INFORMATION

DEFENDANT 8: CDOC DIRECTER OF PRISONS
1250 ACADEMY PARK LOOP
COLORADO SPRINGS, COLORADO 80901

YES, WAS ACTING UNDER COLOR OF STATE LAW
WHEN DEFENDANT SIGNED CDOC AR FORM
600-01 "F" APPROVING OUT OF STATE
TRANSFER DUE TO LAW SUIST.

IS SUED IN INDIVIDUAL CAPACITY.

DEFENDANT 9: THE LAW FIRM of DIETZE AND DAVIS, AND
10: WILLIAM ROGERS, III, FIRM AND FIRM EMPLYEE

YES, WAS ACTING UNDER COLOR OF STATE LAW AS
COUNSEL FOR DEFENDANTS IN VREELAND V POLIS, WHEN
FIRM AND ROGERS, IN NON DEFENSE COUNSEL ACTIVITY,
ASSISTED IN OUT OF STATE TRANSFER DUE TO
LAW SUITS.

SUED IN OFFICIAL CAPACITY AS A LAW FIRM
ROGERS IS SUED IN INDIVIDUAL CAPACITY.

7.

**D.**   **STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: ___SEE ATTACHED___

   Supporting facts:

   SEE ATTACHED.

8

## D. STATEMENT OF CLAIMS

### 1. SUPPORTING FACTS TO ALL CLAIMS BELOW:

Plaintiff is a Colorado State Prisoner whom has a variety of Civil Right Complaints pending in the Courts. Plaintiff is — RIGHT HANDED — AND — RIGHT HAND, HANDICAP, thus writing anything is painful, and looks BAD DUE to not being able to Hold pen/pencil, Correctly.

In 2020 Plaintiff was retaliated against and placed in a 72-day - 7 different Prison Transfer. The facts are Currently Before the Court In Civil Right Case "Vreeland v. Poles, et al, 20-cv-02420-PAB-SKC.

During the year 2020 Plaintiff was Constantly threatened By herein Defendant(s) with a variety of Transfers Due to Grievances and Law Suits. Plaintiff Served Several Fed. Rule 65 Motions Seeking Court protection from Retaliation Transfers, the Court Refused to protect Plaintiff From State Actor Retaliation and Allowed the Retaliation and Harassment to Continue.

On March 4, 2021, plaintiff filed, through counsel, a State Court petition for a writ of Habeas Corpus, and Crim. P. 35 (a) and (c) post conviction petition. The CDOC defendants named herein were served a copy of the petition and notice under State statute Title 13 that plaintiff was not to be moved from the jurisdiction while said petition was pending.

The State Court did not deny the petition, and set a briefing schedule, and ordered the State to produce case files and evidence never before reviewed, over to plaintiff counsel, and granted, on 4-30-2021, 45-days for counsel and plaintiff to meet, review all evidences, and to present same via an amended petition based on said new evidence that had been hidden / suppressed by the State for over fourteen years.

In April 2021 plaintiff started receiving threats from several herein defendants that they were going to transfer plaintiff again, move him out of State, destroy - seize all legal case files, if plaintiff did not drop the folis case.

10

These threats would also be accompanied with week-long transfer lockdowns, and were notated "allegedly" in the inmate files —

As a result of the constant threats and lockdowns - plaintiff's lawyer, Bill Coufflin, contacted defendants Dauffenbach and Williams and Director of Prisons, Counsel aza plaintiff's family also contacted Governor Polis, and Mr. Weiser.

The defendants, especially Dauffenbach, admitted the threats of transfer were real, he called them "baseless rumors", and stated the plaintiff would remain at CSP and would be there for all court dates.

On May 18, 2021 a Scheduling Conference was held by U.S. Magistrate Judge Crews in case Vreeland v. Huss. 18-cv-00303-PAB-SKC. Discovery was opened and deadlines / limitations were set.

A telephone conference was held after the Scheduling Conference wherein plaintiff informed Huss' Counsel of his intent regarding the cases.

11

After the private conference was over, CDOC Staff, MALE, CALLED A "C.M.3", ADVISED plaintiff that total dismissal of claims was REQUIRED to REMAIN AT CDOC/CSP Incentive. Plaintiff Asked to Have the position EMAILed to his Lawyer.

Plaintiff's Counsel then filed A State Court Complaint for Preliminary Injunction to prevent any transfer. Counsel ALSO ADVISED DEFENDANTS DAUFFENBACH, JACOBSON, WILLIAMS, AND the Director of prisons that the State WRIT WAS pending. Transfer Violated Statute, AND Transfer Impede Access to Counsel AND Court, AND Prevented Counsel, Investigator, AND plaintiff From REVIEWing CASE Files, Discovery, AND New EVIDENCE Produced in the State Court CASE. Counsel then tried to Schedule DATES AT CDOC, CSP For Attorney Client Meetings For the State Case Litigation.

Plaintiff and Counsel were told, if Plaintiff REFUSED to Cease Litigation in Polis And Other MATTERS, He Would Be Moved. Counsel TOLD DEFENDANTS He Would SERVE the Injunction That week of 5/17/2021 - Through - 5-21-2021 As he had A 10-DAY Jury trial Starting 5-20-2021

At 2:20 AM on 5/20/2021, Four (4) CDOC/CSP Staff Arrived At Plaintiff's Cell Door And ordered Plaintiff, on video, to GET DRESSED And to "Come with us". Plaintiff was taken to the prison Intake Awa Left there until 4:00 AM. At 4:10 AM (Apx) A CDOC Staff Set up AUDIO/VIDEO CAMERAS, THREE is ALL, Pointed At THE Room Plaintiff was Locked in.

On VIDEO CSP Staff Rolled ALL of the Plaintiff's Property to the Room, And told the Plaintiff to RE-PACK It ALL, HE WAS Being Transferred to Wyoming.

Plaintiff Started to Go through his Property And Staff Admitted, on VIDEO, that they HAD SMASHED/BROKEN PLAINTIFF'S T.V., And TYPEWRITER During their process.

Plaintiff Commented And Questioned CSP Staff on VIDEO As to Why the PACK UP WAS Being Done on VIDEO - THE Answer on Video Three Was, "So When Wyoming TAKES it ALL And DESTROYS it ALL, You CAN'T SUE US or CDOC".

THE BREAKING OF THE T.V. AND TYPEWRITER, AND PACKING OF ACC PROPERTY WAS COMPLETED ON VIDEO. THE VIDEO REMAINED ON SO STAFF COULD BE SEEN PLACING ALL PACKED PROPERTY ON TRANSPORT VAN.

Plaintiff WAS THEN TOLD HE WAS BEING LOCKED INTO A 1/2 STEEL VAN CAGE, NO SEAT, JUST A 8 IN SLIDING HARD SURFACE WITH NO CUSSION OR SEAT BELT.

AS Plaintiff KNEW THE PROCESS WAS ILLEGAL HE TRIED TO GET CDOC STAFF TO LET HIM SEE A DOCTOR OR MENTAL HEALTH STAFF TO DISCUSS THE ILLEGAL TRANSFER AND DAMAGE TO PRE-EXISTING MEDICAL CONDITIONS THE TRANSPORT STEEL CAGE WOULD CAUSE — CDOC/CSP STAFF, "SEEN IN ANOTHER COMPLAINT" REFUSED TO CALL MEDICAL OR MENTAL HEALTH.

CDOC POLICY, AND LAW, STATE/FEDERAL, DEMAND THAT MENTAL HEALTH BE CALLED IF A PRISONER CLAIMS SELF HARM OR SUICIDE, Plaintiff MADE THE CLAIMS. CDOC/CSP STAFF STILL REFUSED TO ALLOW A MENTAL HEALTH STAFF TO BE CALLED.

14

Prior to Transport, NO Medical Screen was done at all, Plaintiff was then handed two Garbage Bags and told to Urinate and Deficate in the Bags, and was to Do So In a Jump-Suit, with Leg and Belly and Hand Chains / Cuffs on Him.

During the 4 1/2 Hour trip Plaintiff was Denied Seat Belt, there was None. He was Tossed all over Back of Van Like a paper Doll. Plaintiff Suffered Back of Left Head Cuts, Face and Left Shoulder Impact Injuries, visible to any Doctor Examination. All Due to Driver Recklessness.

At 10:40 am Plaintiff was handed over to Wyoming Department of Corrections, "WDOC". He Has Been At WDOC's "WMCI" at Torrington, WY., Since that Date.

Since 5/20/2021 Plaintiff Has. Been Subjected to the Following:
All Medications, Medical Devices, Spine/Hernia Brace, Medical Mat, Seized, Denied Access to. Due to Transport Injury, Denied Ability to See a Doctor or Staff to take pictures, Forced to Live in Pain, All Pain Meds. Even those Sold on CDOC/WDOC Canteen, Have Been taken; Denied Any Form of Medical Care At All;

All property, Law Books, Case files, Addresses were Seized, Case Files, original Documents, Exhibits. For All State And Federal Cases Have Been Destroyed, Some were Saved, those Are Extremely Damaged, WDOC Staff stated they threw in trash All Legal Envelopes, File Folders And Legal Box, Plaintiff is Completely Denied Any Access to Any of His Property!. Denied Right to Call or Write Counsel;

Additionally: Upon Arrival to WMCI A-Pod, A staff Recognized plaintiff From A Book He Read. The Staff then Did Days of Google Re-search on Plaintiff, Interrogated plaintiff in Front of other inmates, Labeled plaintiff A Rat And Alleged Ex-Federal Agent-Cop. That News Has Spread All through WMCF And Something Called Rawlins. Grievance Responses Admit the Staff Did this.

Plaintiff was Called to A Room on Wednesday By TC Men Claimin they were Cheyenne Police, The Two Men Attempted to Interrogate Plaintiff About A 211/MS13 Murder Plot, Plaintiff Invoked Right to Counsel, was then Assaulted By The One man.

Plaintiff's Life is in danger at WSP. WMCI —
Currently Plaintiff is Locked in a Room where he has
Been Since 5/20/2021, He is Being Denied Medical,
Access to Court, Counsel, Subjected to Sleep Deprivation
As Staff Refuse to turn Lights off, And Have HAD T.V. on
24-7, Sound Pumping into Room, Since 5/20/21.

All State AND Federal Civil AND
Criminal Litigation Plaintiff is Party to
Has Been Injured. Cases Have Been Dismissed,
Motions Denied. Acess to Counsel to try to
Cure these impediments is DENIED.

# CLAIM ONE: RETALIATION

Plaintiff Has a variety of lawsuits against state of Colorado
Actors. Due to the Various Cases, And For Suing Governor Polis,
Weiser, Williams, Dauffenbach And Jacobson in Polis, 20cv02420,
Defendant Rogers And Dietz And Davis Spoke to Weiser And
Jacobson, Suggested Plaintiff Be Moved out of State to Stop
the Litigation, And Jacobson Agreed.

The IDEA To Move Plaintiff out of State
was Discussed By telephone And E-mail Between
Rogers, Jacobson, Dauffenbach, And Dean Williams —

THE MOVE WAS THEN DISCUSSED WITH GOVERNOR POLIS AND HIS office. THE DECISION to TRANSFER PLAINTIFF out of STATE WAS THEN APPROVED By POLIS, WEISER, AND WILLIAMS. The REASON FOR the TRANSFER WAS DUE to LAWSUITS.

DEFENDANTS DAUFFENBACH, JACOBSON, CDOC ASSISTANT DIRECTOR of OFFENDER SERVICES, CENTRAL CLASSIFICATION SUPERVISOR, AND DIRECTOR OF PRISONS, Met WITH EACH OTHER, DISCUSSED the IDEA TO TRANSFER PLAINTIFF DUE to LAW SUITS, PREPARED WHAT CDOC CALLS AN I.C.C. PACKET, SAID PACKET LISTS ALL PLAINTIFF INFORMATION SUCH AS COURT ACTIONS, PENDING CASES, MEDICAL ISSUES, They then FALSIFIED the DOCUMENTS AND LIED ON the DOCUMENTS to WDOC AS to "WHY the TRANSFER WAS NEEDED", LIED ABOUT MEDICAL ISSUES, LIED ABOUT CURRENT CASES, GOT WDOC TO AGREE TO ACCEPT PLAINTIFF, AND then DAUFFENBACH, JACOBSON, CDOC ASSISTANT DIRECTOR OF OFFENDER SERVICES, CLASSIFICATION SUPERVISOR, AND DIRECTOR of PRISONS SIGNED, PERSONALLY, FORM CDOC AR 600-01 "F", KNOWING the INFORMATION IN the ICC PACKET WAS FALSE, AND IN RETALIATION FOR LAW SUITS, AND to CAUSE AS MUCH HARM to PLAINTIFF AS THEY COULD. The DEFENDANTS CAUSED THE TRANSFER OF PLAINTIFF TO THE STATE OF WYOMING.

18

# CLAIM TWO: FIRST, FOURTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENT VIOLATIONS.

The Conduct of DEFENDANTS CAUSED AN ILLEGAL Out of State Prison transfer of Plaintiff. THE DEFENDANTS ARE DIRECTLY RESPONSIBLE FOR ANY INJURY to Plaintiff WHICH Results From the illegal Retaliatory transfer.

(A) Access to Court Violations: DEFENDANTS Caused ALL of Plaintiff's Legal Files, Materials, to Be Seized AND DESTROYED. DEFENDANTS Caused Plaintiff to Not Be Able to Continue Any Form of Litigation in Any State or Federal Civil/Criminal Case. ALL Books, PAPER FILES ARE Gone. Typewriter SMASHED. on VIDEO! Plaintiff Has Had JUDGMENT Entered against him in State Cases AND Appeals Dismissed For Faxing to Meet Deadlines AND "Failure to Prosecute.

(B) THE Seizure of ALL Property AND DESTRUCTION Thereof VIOLATED FOURTH Amendment, They Just took it ALL AND Destroyed it And/or Refused to Return It.

(c) (i) Plaintiff has a Criminal Case Pending in Colorado, He Has Counsel By Right. Defendants Caused Plaintiff A total Denial of Access to Counsel when Between 5/20/2021 and the present, Defendants Denied Plaintiff the Right to Call By telephone, or Send Mail By U.S. post to Counsel of Record Bill Griffin and Sean McDermot. This Violates the 1st and 6th Amendment.

(ii) Plaintiff was Interrogated About Criminal pkt By Two Men At WDoc Claiming to Be Police Agents. Plaintiff, Not part of Any Crime in Wyoming. Invoked Right to Remain Silent And Asked to Call Council. Plaintiff Was then Assaulted By the one Man, And After Invoking the 5th and 6th Amendment Three times, The Assault And Interrogation Did Not Stop.

But For the Retaliatory Transfer, this 1st And 6th Amendment Violation Would Not have Took Place.

(iii) Plaintiff's State Habeas Right were Violated When Defendants Transfered Him outside Jurisdiction of Colorado State Court in Case C9CR766 and Violating Title 13 Habeas Statutes

**(D)** CRUEL AND UN-USUAL TREATMENT - PUNISHMENT:

COLORADO DEPARTMENT OF CORRECTIONS, AND DEFENDANTS, CAUSED PLAINTIFF TO BE MOVED TO A PRISON IN A DIFFERENT STATE, AND DID SO FOR NO VALID PENELOGICAL REASON, THE MOVE WAS PURE RETALIATION. AS A RESULT OF THE TRANSFER PLAINTIFF HAS BEEN SUBJECTED TO A HOST OF 8TH AMENDMENT VIOLATIONS:

**(1)** THE COURT IS AWARE OF ALL MEDICAL ISSUES ASSOCIATED WITH TIONA, 17-CV-0150, AND VIGIL, 18-CV-0316 T. SINCE 5/20/2021, PLAINTIFF HAS BEEN DENIED ANY AND ALL MEDICAL CARE. ALL MEDICAL Restrictions, Appliances. Medications HAVE BEEN CANCELLED AND DENIED.

**(2)** PLAINTIFF HAS ASKED TO SEE A DOCTOR SINCE 5/20/2021, HE HAS BEEN DENIED.

**(3)** PAIN MEDICATIONS PRESCRIBED BY COLORADO DOCTORS HAS BEEN TAKEN, NOTHING WAS PUT IN ITS PLACE. PLAINTIFF IS LEFT TO SUFFER IN PAIN

**(4)** INJURY FROM TRANSFER ON 5/20/21 HAS WENT UN-PHOTOED, UN-EXAMINED, AND MEDICAL CARE IS DENIED.

21

(5) Since 5/20/2021 plaintiff Has Been Locked in a room For 23hrs 15AM each day, He is Sleep Deprived by Staff Refusing to turn off Lights; By Playing T.V. Far Full Volume - Piping Volume into Room So Sleep is not possible, This has gon on For 10-days this Far.

(6) On wednesday Plaintiff was Assaulted By A State Employee whom claimed he was a cop. This was an Excessive Force Violation.

(7) Since Arrival on 5/20/2021 plaintiff Has Been Forced to Shower in A New ACA Compliant Shower. Staff, Male/Female, Sit in Front of Showers And watch plaintiff Shower, There is no Door or Shower Curtain. This is PREA 8th Amend Violation.

(8) On 5-20,21,22,23-2021, WMCI officer McCoy Publically Announced plaintiff was A Farmer Federal agent; thus Placing the life And Safety of plaintiff in Jeopardy. THE Comments Caused Word to Spread At WMCI AND WSP that "VREELAND From Colorado is A Rat AND Farmer Fed".

But For Illegal Retaliatory Transfer Non of This would have Happened.

E) FOURTEENTH AMENDMENT / DUE PROCESS VIOLATIONS:

Plaintiff was convicted of crime and sentenced to prison as punishment under Colorado law and Colorado Constitution. Plaintiff has been transferred from Colorado to Wyoming and is now being punished for a Colorado crime, but under Wyoming punishment guidelines that do not exist in Colorado.

Punishment for crime in Wyoming under Wyoming Department of Corrections rules, is far more extreme than that of Colorado.

E.G., Colorado provides punishment in a prison system wherein Constitution and Statute and (CDOC) Policy Guarantee 125 rights and 100 privileges and 57 programs. Wyoming only provides 75 rights, 25 privileges, and 21 programs.

Without any opportunity to be heard as to object, or notice, Plaintiff, whom was sentenced by a State of Colorado Judge, to serve a prison term in "THE Colorado Department of Corrections", has now been sent from Colorado to Wyoming to be punished for Colorado crimes under Wyoming punishment standards.

### E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? __V__ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):  *See ATTACHED*

Docket number and court:

Claims raised:

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)

Reasons for dismissal, if dismissed:

Result on appeal, if appealed:

### F. ADMINISTRATIVE REMEDIES   *See ATTACHED*

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

___ Yes ___ No (*check one*)   *WYOMING HAS ONE, BUT*

Did you exhaust administrative remedies?   *NONE ARE AVAILABLE,*
*CANT File COLORADO Grievances*
___ Yes ___ No (*check one*)   *IN WYOMING.*

E. Previous Lawsuits

Vreeland v. Tiona, 17 CV 01580 PAB-SKC

Vreeland v. Huss, 18 CV 00303 PAB-SKC

Vreeland v. Vigil, 18 CV 03165 PAB-SKC

Vreeland v. Olson, 20 CV 0330 PAB-SKC

Vreeland v. Polis, 20 CV 02420 PAB-SKC

All pending.


F. Administrative Remedies

Wyoming will not allow its WDOC Grievance System to be used to file grievances against Non-WDOC Actors.

CDOC has not made any AR 850-04 Grievance Process available to plaintiff, nor put in place any system to monitor treatment of plaintiff by Wyoming Actors, or made any administrative process available.

### G.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Punitive, Compensatory, Nominal Damages In Excess of $50,000,000.°° ;

Injunctive Relief to Be Sought By Motion For Habeas Relief As Colorado Abandoned Its Jurisdiction over Criminal Sentence;

Injunctive Relief of Rule 65 Order Directing Immediate Return of plaintiff to CDOC-CSP. D-1-12 And to Remain there until Resentencing is Complete.

### H.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

5/29/2021
(Date)

(Form Revised December 2017)

24

DELMART VREELAND - PlAINtiff. Pro Se

#33583 - WMCI

7076 Road 55-F

TORRINGTON, WY 82240


5/29/2021


Clerk of CourT - U.S. DIST. CourT

901-19th St. DENVER, Co 80294


RE: New CASE


DEAR Clerk:

New Complaint EnckSED. Filing Fee is Being
PAID iN Full, it WAS MAiled iN Different ENvolore.


THANK You

VREEGWD DECMART
#33583 - WMCI
7076 Road 55-F
TORRINGTON, WY
82240



U.S. POSTAGE >> PITNEY BOWES

ZIP 82240 $ 001.25⁰
02 4W
0000365413 JUN 09 2021

U.S. DISTRICT COURT
901- 19TH STREET
DENVER, COLORADO
80 294

THIS IS AN UNCENSORED LETTER
FROM AN INMATE AT THE WYOMING
MEDIUM CORRECTIONAL INSTITUTION

204

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2019

FSC
MIX
Envelope
FSC® C137131



RECEIVED
WMCI
Mailroom
JUN 0 9 2021



RECEIVED
WMCI
Mailroom
JUN 0 8 2021