IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01684-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

JARED POLIS, et al.,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATIONS**
_____

    This matter is before the Court on the Recommendation Re: Defendants' Motions to Dismiss [Dkts. 48, 49] [Docket No. 55] and the magistrate judge's recommendation [Docket No. 56] regarding plaintiff's Motion for Mandatory Injunction Pursuant to Federal Rules of Civil Procedure Rule 65 [Docket No. 18] and "Emergency Motion for Immediate Hearing on Pending Motion for Injunction Plaintiff Life is in Danger" [Docket No. 37]. The recommendation on defendants' motions to dismiss states that objections to the recommendation must be filed within fourteen days after its service on the parties. Docket No. 55 at 14 n.7; *see also* 28 U.S.C. § 636(b)(1)(C). The recommendations were served on August 25, 2022. No party has objected to either recommendation.

    In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's

factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed both recommendations to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that each recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The Recommendation Re: Defendants' Motions to Dismiss [Dkts. 48, 49] [Docket No. 55] is **ACCEPTED**;

2. Defendants Polis, Weiser, Woodward, Allen, Williams, Trani, Dauffenbach, Turner, Sanchez, Olson, Little, Lisac, Brandt, Hunsaker, and Boyd's Motion to Dismiss [Docket No. 48] is **GRANTED**;

3. Defendant William Rogers, III's Motion to Dismiss [Docket No. 49] is **DENIED as moot**;

4. Plaintiff's claims are **DISMISSED with prejudice**.

5. The magistrate judge's recommendation [Docket No. 56] on plaintiff's Motion for Mandatory Injunction Pursuant to Federal Rules of Civil Procedure Rule 65 [Docket No. 18] and "Emergency Motion for Immediate Hearing on Pending Motion for Injunction Plaintiff Life is in Danger" [Docket No. 37] is **ACCEPTED**;

6. Plaintiff's Motion for Mandatory Injunction Pursuant to Federal Rules of Civil Procedure Rule 65 [Docket No. 18] is **DENIED as moot**;

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

7.  Plaintiff's Emergency Motion for Immediate Hearing on Pending Motion for Injunction Plaintiff Life is in Danger [Docket No. 37] is **DENIED as moot**.

8.  This case is closed.

DATED September 13, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge