IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01684-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

JARED POLIS, et al.,

    Defendants.

## ORDER

This matter is before the Court on plaintiff's Motion to Alter or Amend or for Relief from Judgment under Rule 59 or 60 [Docket No. 61] filed by plaintiff on September 29, 2022. Plaintiff seeks an order altering the Court's order from September 13, 2022 and a chance to respond to two motions to dismiss. *Id.* at 3.

### I. BACKGROUND

On January 24, 2022, plaintiff filed an emergency motion requesting a hearing on an injunction to address his safety. Docket No. 37 at 1-2. The Court referred the motion to Magistrate Judge Kato Crews for recommendation. Docket No. 38. On February 1, 2022, defendants responded to plaintiff's motion. Docket No. 43. On February 8, 2022, plaintiff filed a reply in support of his motion stating he was being held in segregation and on lockdown. Docket No. 46.

On February 18, 2022, the defendants who have been served in this case filed motions to dismiss plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6). Docket Nos. 48, 49. The Court referred the motions to dismiss to Judge Crews for a recommendation.

Docket No. 52.  After filling his reply in support of his emergency motion, plaintiff filed a change of address on March 7, 2022.  Docket No. 54.  Nothing was filed in this case between March 7, 2022 and August 25, 2022.

On August 25, 2022, Judge Crews recommended that the motions to dismiss be granted and that this case be closed.  Docket No. 55.  In another recommendation docketed on August 25, 2022, Judge Crews recommended that plaintiff's emergency motion be denied as moot.  Docket No. 56.  Both recommendations were sent to plaintiff's new address, as listed at Docket No. 54.  Docket No. 55; Docket No. 56.  Judge Crews advised the parties that any objection to his recommendations were due within fourteen days of service of the recommendation.  Docket No. 55 at 14 n.7.

Receiving no objections to the recommendation at Docket No. 55, on September 13, 2022, the Court reviewed the recommendation for clear error and, finding none, accepted the recommendation and closed this case.  Docket No. 59 at 2-3.  On September 14, 2022, final judgment was entered.  Docket No. 60.  Plaintiff filed his motion to alter judgment over one week later on September 29, 2022.[1]  Docket No. 61.

## II. LEGAL STANDARD

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "Grounds warranting a motion to alter or amend the judgment pursuant to Rule 59(e) include (1) an intervening change in the

---

[1] Plaintiff states that his motion is filed under Fed. R. Civ. P. 59 or 60.  Docket No. 61 at 1.  Because plaintiff's motion was filed within 28 days of the entry of the order closing this case, the Court construes his motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (internal quotations omitted) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A Rule 59(e) motion is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law," but not to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*.

### III.  ANALYSIS

Plaintiff raises several issues in his motion.  First, plaintiff states that he did not receive any motions to dismiss in this case as he was "locked in segregation" in February 2022 when the motions were filed.  Docket No. 61 at 1.  Second, plaintiff states he did not receive the recommendation that recommended granting the motions to dismiss or the Court's order accepting the recommendation.  *Id.* at 2.  Finally, plaintiff argues that he believes this case was administratively closed in March 2022.  *Id.* at 3. Plaintiff requests that the Court vacate the order of dismissal and allow plaintiff to respond to the motions to dismiss.  *Id.* at 3.  Plaintiff does not argue that an intervening change in law or evidence that was previously unavailable require alteration of the final judgment in this case.  *See id.*  Instead, he seems to argue that vacating the order is necessary to prevent manifest injustice because plaintiff has not been allowed to respond to defendants' motions to dismiss "due to no fault of his own."  *Id.*

Plaintiff states that he did not receive the motions to dismiss in this case and argues that judgment in this case should be altered to "allow[] Plaintiff at least some fair

3

chance to litigate the case and to respond to the motion to dismiss." *Id.* Defendants respond by offering evidence that the motions to dismiss were mailed to plaintiff on February 22, 2022 along with a motion to exceed page limitations, defendants' response to plaintiff's emergency motion, and exhibits in support of defendants' response, Docket Nos. 47, 48, 49, 50, 53, and that plaintiff received the filings on February 28, 2022. Docket No. 62-1 at 1 ¶ 2-3; Docket No. 62-3 at 1. Plaintiff replies that he only received defendants' response to his emergency motion and the exhibits in support. Docket No. 63 at 2. Plaintiff provides no explanation why he would receive some of defendant's served documents without receiving the motions to dismiss that were mailed simultaneously.[2] *Id.*

Even if plaintiff did not receive defendants' motions to dismiss on February 28, 2022, plaintiff acknowledges that he received a docket report on June 22, 2022. Docket No. 61 at 1. This report would have listed defendants' motions to dismiss, which were filed on February 18, 2022. *See* Docket Nos. 49, 48. Plaintiff does not explain why he did not file a motion requesting service of the motions to dismiss that he claims he did not receive or a motion for leave to file a response to the motions. *See* Docket No. 61 at 1-3. Plaintiff admits he had access to a docket report in June to notify him of the pending motions to dismiss; plaintiff did not file anything addressing the motions until after he received the final judgment in this case in September. *Id.* Even if he did not

---

[2] Plaintiff takes issue with the amount of time that elapsed between defendants' filing of their motions to dismiss and defendants' service of their motions to dismiss, but provides no reason why a delay in mailing did not afford him an opportunity to respond to the motions. Docket No. 63 at 1-2.

receive the motions, plaintiff was not denied an opportunity to respond to the motions to dismiss, given that he could have requested an extension at any time after receiving the docket report in June before the recommendation was issued. Accordingly, this does not present "manifest injustice" and does not constitute a reason to alter judgment in this case.

Plaintiff states he did not receive the recommendation granting the motions to dismiss or the order accepting the recommendation. *Id.* at 2. The CM/ECF system indicates the recommendation, order, and final judgment were all sent to plaintiff at the same address. *See* Docket Nos. 55, 59, 60. Defendant provides the mail log stating that plaintiff received mail from the Court on August 29, 2022. Docket No. 62-4. Plaintiff replies by stating that he only received Docket No. 56 recommending that his emergency motion be denied as moot. Docket No. 63 at 2. None of these pleadings mailed to plaintiff have been returned to the Court as undeliverable. Plaintiff does not substantiate his claim that he did not receive the recommendation at Docket No. 55. *Id.*

Plaintiff's September 29, 2022 motion states that, "[i]n a recent hearing Plaintiff advised he was trying to litigate all cases." Docket No. 61 at 2. The Court has reviewed the recording from a hearing plaintiff had in front of Judge Crews on September 7, 2022 in a different case. *See Vreeland v. Carson*, 18-cv-03165-PAB-SKC, Docket No. 322. In that hearing, plaintiff states that he is attempting to litigate all the open cases he has in this district. He also states that, in another case he filed against Governor Polis, Judge Crews had observed that plaintiff did not respond to motions to dismiss, and plaintiff planned to file a motion in response. This statement presumptively references

this case, specifically the recommendation plaintiff claims he did not receive. The Court finds that the hearing plaintiff references does not indicate that he was unaware of the recommendation in this case and, in fact, indicates he did receive and review Judge Crews' recommendation at Docket No. 55. Plaintiff has not provided any evidence that service of the recommendation in this case was insufficient. *See Lopez v. Gonzales,* 18-cv-03233-DDD-MEH, 2020 WL 2539062, at *1 (D. Colo. May 19, 2020) ("Service of the recommendation was complete upon mailing on April 16, 2020, and Plaintiff's nonreceipt of the recommendation does not affect the validity of service by mail."); *Blount v. Younger*, No. 19-cv-02134-DDD-MEH, 2020 WL 7640220, at *2 (D. Colo. Dec. 23, 2020) (noting that, under Fed. R. Civ. P. 5(b)(2)(C), service of a recommendation is complete upon mailing); *Faircloth v. Hickenlooper*, 758 F. App'x. 659, 662 (10th Cir. 2018) (unpublished) (holding that "mailings constituted effective service" of recommendation under Fed. R. Civ. P. 5(b)(2)(C)). Even if plaintiff did not receive defendants' motions to dismiss, the recommendation that he admitted he received in the hearing in front of Judge Crews provided him notice that he needed to file an objection to the recommendation.

Next, plaintiff states that he believed this case was "in Administrative Closure status" after receiving a docket report for this case in June 2022. Docket No. 61 at 1. Plaintiff argues he did not have an opportunity to respond to defendants' motions, and he lists other open cases he has filed in this district in which he filed motions to return his case to "active status" as evidence he believed this case was closed. *Id.* at 1-2. In this case, there has been no motion requesting that the case be administratively closed,

no recommendation that this case be administratively closed, and no order closing the case. There is no indication that this case has ever been administratively closed. Even if plaintiff believed the case was closed, the recommendation on his emergency motion, Docket No. 56, which plaintiff admits he received in September 2022, Docket No. 63 at 2, would have indicated that the case was not administratively closed.

Plaintiff has not shown that the judgment in this case was the result of manifest injustice. Despite his pro se status, plaintiff is required to follow the same procedural rules as any other litigant. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). The Court sees no compelling reason to allow plaintiff more time to file objections, to respond to defendants' motions, or to alter the final judgment in this case.

## IV.  CONCLUSION

Accordingly, it is

**ORDERED** that plaintiff's Motion to Alter or Amend or for Relief from Judgment under Rule 59 or 60 [Docket No. 61] is **DENIED**.

DATED September 18, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge